Judge Wright
delivered the opinion of the court:
The legal title to the land in dispute was granted by the government in 1818, by the patent to Powell’s heirs. The deeds from them transfer it to the lessor of the plaintiff. Since the emanation of the patent, time has not elapsed to protect the defendant in his posessiou. Before 1818, the legal estate was in the government, and no adverse possession could protect persons so holding as to bar the government of its claims. Statutes of limitation, without express provisions, never run against the government.
*It is claimed that from the lapse of time and other circumstances, a grant from the government must be presumed. It is a fact in the case that no patent did ever issue before 1818, and presumptions never obtain against positive facts, though they often supply the want of facts. The patent issued in 1818, and the dep *375 osition of Wallace, introduced by the defendant, both prove that no patent had before issued. The presumption, therefore, fails.
Wallace’s declarations made before the patent to Ppwell’s heirs, and his conduct since, while acting as a trustee of Massio’s heirs, it is insisted, are conclusive against the right now set up by him, and acquired under the patent from the heirs of Powell. Neither his declarations nor his conduct, whether it be moral and honest or the reverse, affect his legal title in this court, nor does the fact of his standing in the relation of a trustee to Massie’s heirs. Dishonest^conduct, and that relation may possibly affect him in another tribunal, a court of chancery.
No title passed from Powell to Massie, owing to the defective deeds having but one witness. The recital in Massio’s deeds, and that from Orr claiming under him, therefore, work no estoppel against Wallace, who asserts Powell’s right. He was in law, neither party nor privy to the covenants in those deeds. 5 Ohio, 190. If the covenants had been inoperative deeds of conveyance, the case would have been otherwise, they would have then run with the land, and been an estoppel to the grantors in them and those deriving title under them.
It seems to us, the law arising upon the verdict is with the plaintiff, and we must so apply it, though we dislike the appearance of the transaction, his trustee relation to the subject, and subsequent purchase.
At a subsequent period of the term the entry was opened, and a new argument directed at the next term,upon the following points:
1. Whether the statute of limitations will run to protect the possession of' land in the Yirginia military district, after entry and survey, before patent issued.
2. Whether the patent to Powell’s heirs in 1818, inured to vest the title in Massie and those claiming under him through the defective deeds.