**SHELDON, Plaintiff, v. LEWIS, Trustee, etc., Defendant.**

Common Pleas Court, Madison County.

No. 20902.   Decided April 8, 1959.

Kincaid, Palmer & Randall, Columbus, for plaintiff.
Jackman, Nichols & Grubbs, London, for defendant.

## OPINION

By BAYNES, J.

Plaintiff filed a petition for declaratory judgment asking the Court to determine whether plaintiff and defendant each own an undivided one-half interest or if plaintiff owns a five-sixths and defendant a one-sixth interest in a certain parcel of real estate.

Both plaintiff and defendant have moved for judgment on the pleadings. The facts admitted are these: Plaintiff's interest is derived from the Will of Blanche E. Wildman (a. k. a. Blanche E. Carmichael) which provided, "I give and devise my home . . . to Winifred Sheldon in fee simple." Defendant's interest is derived from the Will of Bernard F. Wildman (brother of Blanche), which gave Blanche a life estate in all of his property and the remainder to defendant, as Trustee, to pay certain legacies and then to pay the net income of the trust, as directed.

The interests in "my home" were acquired under the Will of M. C. Wildman, who died in 1926. His Will provided:

"SECOND: I give, Devise and Bequeath to Bernard F. Wildman, Mrs. Ella McClain and Mrs. Blanche Carmichael each one third of all my real and personal property subject however to the following conditions that they shall pay to Myrtle Clark, Burt Clark and Herman McClean each the sum of Two Hundred Dollars. That is the three of them shall pay only Six Hundred Dollars, and no more.

"THIRD: At the death of either Bernard F. Wildman or Mrs. Blanche Carmichael, the interest of the one so dying shall revert to my other two surviving sisters or brother and sister herein named in this Will." (Emphasis added.)

The legacies totalling $600.00 were paid. Mrs. Ella McClain (McClean) died intestate in 1931, survived by Herman McClean, her sole heir at law. Herman McClean died intestate in 1952, survived by Bernard and Blanche Wildman. McClean's one-third interest in "my home" descended one-sixth each to Bernard and Blanche Wildman.

Bernard Wildman died in 1955. Blanche Wildman died in 1957. Bruce D. Lewis, Trustee, was also the Executor of the estate of Blanche Wild-man. He filed an application with the Probate Court, and a certificate of transfer was issued transferring one-half of "my home" to plaintiff, Winifred Sheldon, and one-half to himself as Trustee.

Plaintiff's theory is that Blanche Wildman died seized of five-sixths of the fee of "my home," one-sixth from Herman McClean's estate,

two-sixths under Item Two and two-sixths under Item Three of M. C. Wildman's Will. The latter by reason of the fact Bernard Wildman predeceased Blanche Wildman, plaintiff's devisor.

Defendant's theory is Bernard Wildman died seized of three-sixths of the fee of "my home," one-sixth from Herman McClean's estate and two-sixths under Item Two of M. C. Wildman's Will.

In legal contemplation, plaintiff claims that Items Two and Three construed together gave only a life estate to Bernard or Blanche Wildman depending on which one predeceased the other. On the other hand, defendant claims Item Three to be repugnant to the fee simple grant, as he claims, of Item Two.

At the outset, it may be well to recall Judge Wiseman's comment in **De Wolf v. Frazier, 80 Oh Ap 150, 160, 73 N. E. 2d 212, 35 O. O. 485, 49 Abs 244:**

"An examination of the authorities is cogent proof of the truth of the oft-repeated statement that there are no precedents to follow in a will construction suit."

As intimated in defendant's brief, the problem of the case is not so much a construction of what M. C. Wildman intended by Item Three of his Will, but was it effective for any conceivable intention, that he had or may have had.

In support of their respective contentions, reliance is given in plaintiff's brief to **Baxter v. Boyer, 19 Oh St 490; Tax Commission v. Oswald, 109 Oh St 36,** 141 N. E. 678; **Johnson v. Johnson, 51 Oh St 446,** 38 N. E. 61; De Wolf v. Frazier (supra cit.); Smith v. Rugg, 28 N. P. n. s. 262; and propositions from **20 O. Jur. 2d 300-306,** Secs. 69-70. Defendant's brief relies upon the Baxter and De Wolf cases; **Krumm v. Cuneo, 71 Oh Ap 521,** 47 N. E. 2d 1003, 26 O. O. 468, 38 Abs 599.

There is nothing in M. C. Wildman's Will expressly or by implication relating to a restriction of the devisee's right to use or consume, during their lifetime, **the real and personal property** devised and bequeathed and a consequent gift over. In this aspect and in this regard the Baxter, Johnson, Tax Commission and De Wolf cases are not pertinent or helpful. This also applies to the **20 O. Jur. citation, 300-306.** The Smith case is clearly distinguishable and not helpful.

It is not to be questioned that a devise of (as provided in Item Two of M. C. Wildman's Will) **"All my real and personal property,"** is sufficient to create a fee simple estate; **41 O. Jur. 733, Sec. 618,** citing **Birney v. Wilson, 11 Oh St 426, 429, 432.** Therefore, Item Two is absolute and not merely prima facie absolute and would, or could, not be called into question but for Item Three.

In **Perdue v. Morris, 93 Oh Ap 538,** 114 N. E. 2d 286, 51 O. O. 232, the following rule of proof, often referred to, is stated (Syllabus 2):

"Courts favor the creation of a fee simple estate and cast the burden of proving that a lesser estate was created on the one asserting that a devise is of such lesser estate."

Even if the devise in Item Two of M. C. Wildman's Will is, or could be considered, undefined or only prima facie absolute, Courts do, and should, give especial significance where a devise is charged with a legacy(s) as here, in construing the devise to be in fee simple.

"As a general rule where a devisee whose estate is undefined is directed to pay the testator's debts or legacies or a specific sum in gross, he takes an estate in fee simple . . . disparity in the amount of the sum charged, relating to the value of the land, does not prevent the enlargement of the estate." **41 O. Jur. 736, Sec. 622;** see also Page on Wills, L. T. ed. v. 3, 303, Sec. 1089.

It is not disclosed by the pleadings how many parcels of real estate other than "my home" were devised by the Will of M. C. Wildman. Nor to what extent personal property was bequeathed, if any. It is to be fairly assumed that other real property and personal property is also involved and that plaintiff has failed or omitted to bring it within the declaration sought. It may well be that the declaration here sought would not preclude a relitigation of the same question later on.

We think, in the absence of a "use or consume" clause, together with an unconsumed remainder over clause, the rule is correctly stated in **20 O. Jur. 2d 437, Sec. 181,** and is controlling under the facts of this case:

"A fee simple estate cannot be made defeasible even under §2131.07 **R. C. (§10512-7 GC),** unless the words of the instrument devising such estate indicate the specific real property upon which the limitation is intended." (Citing **Sweigart v. Sweigart, 55 Abs 442, 89 N. E. 2d 686,** citing **Gill v. Leach, 81 Oh Ap 480, 485-487, 80 N. E. 2d 256, 37 O. O. 311.)**

Great reliance is placed on the holding of Krumm v. Cuneo, (supra cit.), by defendant and properly so. The construction there sought was as to the following provision:

"I give and bequeath to my wife . . . all my personal property . . . , but in case she should die and leave any part . . . unconsumed, or undisposed of, then in that event, the part so remaining shall be divided equally between . . ."

The Second District Court of Appeals held that the attempted disposition of any undisposed of portion, being repugnant to the original bequest, is void. It is to be observed in the instant case that testator made no reference to the undisposed portion. His was a naked attempt to control future disposition of unidentified property. This case is more conclusive on the facts than the Krumm case.

It might also here be observed that:

"Where the testator's intention to give a fee clearly appears upon the will, his attempt to direct the course of descent upon the death of the first taker is repugnant to the nature of the estate, or it is an attempt to create a new kind of estate, without power of disposition by will, and descending in some manner other than that fixed by statute. Whichever explanation is adopted, the gift over is void." Page on Wills, L. T. ed. v. 3, 399 Sec. 1134.

Testator in the instant case in Item Three chose to use the word "revert," not "remainder" or words of similar import. Technically, the word "revert" is synonymously used with the word "reversion," which in Wills means a residue left in the heirs of testator after a particular estate is ended. There can be no estate left in testator after the devise of an absolute estate.

It is tersely put in **Stophlet v. Stophlet, 22 Oh Ap 327, 329, 153 N. E.**

867, where testator, as did M. C. Wildman, used the word "revert" after the grant of an absolute estate. The court said the inconsistent provision must fail. Further, that where two provisions are irreconcilable the rule preventing the ingrafting of a remainder on a fee must control. Also see **20 O. Jur. 2d 435, Sec. 180** and 19 Am. Jur. 576, Sec. 120.

In the final analysis, this Court cannot apply Item Three for any purpose, and its irreconcilability and inapplicability is graphically demonstrated by the order of death of the devisees as actually happened. Item Three expressly assumed that either Bernard or Blanche Wildman would predecease Ella McClain. It will be noted that it did not expressly make survival a condition of taking, nor can it be said impliedly to require it. The fact is that Ella McClain predeceased both Bernard and Blanche Wildman. Moreover, her son, Herman McClain, and her only heir also in fact predeceased both Bernard and Blanche Wildman, who were his only heirs at law.

In order to give this Item effect, it would require the Court to hold that Ella McClain died seized of a contingent remainder in an alternative of either Bernard's interest or Blanche's interest in "my home" **and any other property of which M. C. Wildman died seized.** This in turn would have been a contingent remainder in Herman McClain's estate which would, in the alternative, have descended to Bernard or Blanche Wildman depending on which of them died first.

Nor did Item Three provide that if Ella McClain predeceased Bernard and Blanche Wildman, then, in that event, the survivor of Bernard or Blanche would take the interest of the one who predeceased the other.

Whatever comment might, could or should be made as to such attempted constructions, we forbear to say and consider it sufficient to re-emphasize the quotation from Page on Wills, L. T. ed. v. 3, 399, Section 1134, at Pages 4 & 5 of this decision.

It should, and will, therefore, be the declaration of the Court that Item Two of the Will of M. C. Wildman created a fee charged with three legacies (which were paid), in an undivided one-third interest **in the real and personal property of which he died seized,** including the real estate referred to in the Will of Blanche E. Wildman as "my home," in the persons named in said Item.

Further, that Item Three of the Will of M. C. Wildman is repugnant to Item Two of said Will and that said Item Three is therefore void and of no force, substance or effect whatsoever.

From these declarations it follows that Bernard F. Wildman died seized of an undivided one-half of In Lot Ninety-Four (94) in the City of London, County of Madison, State of Ohio, and that Blanche E. Wildman died seized of an undivided one-half interest in the same, and that defendant and plaintiff, respectively, succeeded to said interests by virtue of the Wills of said decedents.

Defendant's counsel is directed to submit an Entry in accordance with this opinion to plaintiff's counsel and to the Court for approval noting plaintiff's exceptions, if any. Costs are to be taxed not less than one-half to the defendant Trustee or otherwise as the parties may agreeably determine.