Lillian B. WINKLE and Ralph E. Winkle,
Co-Executors of the Estate of Edward
F. Winkle, Deceased,

v.

UNITED STATES of America.

No. 8521.

United States District Court,
S. D. Ohio, W. D.

March 18, 1974.

Donald R. Gardner, Cincinnati, Ohio, for plaintiffs.

Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

## OPINION

PORTER, District Judge:

Plaintiffs and defendant have both moved for summary judgment in this action for refund of an alleged overpayment of federal estate taxes and interest paid in the amount of $41,066.68, plus interest as provided by law.

From the undisputed facts of the case it appears that on December 21, 1961, the testator and his wife entered into a contract to make a will (Exhibit "A", attached to item 11) whereby the wife agreed to bequeath to her husband's grandchildren the stock she received from her husband, who held the majority of stock in a family corporation. On January 3, 1968, the husband executed his will (Exhibit "B") in which he be-queathed his shares in the corporation to his son and his wife equally. The second paragraph of Item III of the will contained a clause stating that the shares bequeathed to the wife would be subject to resale to the corporation if her relationship to the corporation changed, and that when she died she was to leave the stock "only subject to the provisions of her Stockholding Agreement and Contract to Make a Will." Item IV provided for the distribution of the remainder of the estate in equal shares and in fee simple to his wife and son.

In January, 1968, the testator died and his wife and son were appointed co-executors of his estate. On April 9, 1971, they were notified by the Internal Revenue Service of a deficiency due to disallowance in part of the claimed marital deduction for the bequest of the stock to the wife. The co-executors paid and filed for a refund on the ground that the stock which passed under the will to the testator's wife qualified for the marital deduction.

Thus, the issue for our consideration on these cross-motions for summary judgment is whether the interest in the shares bequeathed to the surviving spouse was such that it qualified for the marital deduction. For reasons which are set forth below, the Court concludes that the shares do not qualify for the marital deduction. Accordingly, defendant's motion for summary judgment is granted, and plaintiffs' motion is denied.

Briefly summarized, it is the defendant's position that the decedent's wife received only a terminable interest in the shares bequeathed, and they, therefore, do not qualify for the marital deduction under 26 U.S.C. § 2056. Defendant argues that the testator's wife received only a life estate in the shares, and that the effect of the terms of the 1961 contract was to restrict the wife's power of appointment over the estate to the extent that the power was not exercisable "alone and in all events."

Plaintiffs contend, however, that the 1961 contract to make a will was not properly incorporated by reference into

the will and its attempted restrictions are of no effect. It is further argued that the will provides for a fee simple bequest of the stock to the wife and that under Ohio law any subsequent provisions in the instrument which attempt to restrict a prior fee simple bequest are to be regarded as repugnant to and controlled by the prior absolute bequest. Finally, plaintiffs claim that even if the 1961 contract is enforceable and was properly incorporated into the will, it would not reduce the wife's interest to less than a fee simple, for the reason that Ohio law gives the wife the power to dispose of the stock, and the proceeds would pass to her as personal property other than stock under the will, free from any restriction.

We conclude that the 1961 contract to make a will was properly incorporated by reference into the decedent's will.

■ At the outset we observe that Ohio law governs our determination of the nature of the interest which passed to the testator's wife under the will. Helvering v. Stuart, 317 U.S. 154, 63 S. Ct. 140, 87 L.Ed. 154 (1942); Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585 (1940).

■ In Ohio, an existing document may be incorporated into a will by reference, if the document is "referred to as being in existence at the time the will is executed." Section 2107.05, Ohio Rev.Code. The reference in the will itself to the existence of the extrinsic document must be in such a way as to reasonably identify the document, and to show the testator's intention to incorporate the document into his will and make it a part thereof. Page on Wills, § 250 (Lifetime Ed.)

■ Item III of decedent's will (Exhibit "B" attached to document 11) bequeaths his common stock in the closely-held corporation to his son and wife equally, with the following provision applicable to his bequest to his wife:

"As to the stock bequeathed as aforesaid to my wife, LILLIAN D. WIN-
KLE, it is my will that she take such stock subject to the proviso as to resale to the corporation in the event of a change in her relationship to the corporation, and subject also to the proviso that upon her decease, she shall have and devise them only subject to the provisions of her Stock Holding Agreement and Contract to Make a Will, referring to such shares, executed by her on December 21, 1961."

We are asked by the plaintiffs to interpret the above portion of the will as referring only to "an antedated extrinsic document, and no more." But that construction is too restrictive and it is urged upon us with no supporting citations of authority. There is no suggestion that the referenced "Stock Holding Agreement and Contract to Make a Will, referring to such shares, executed by her on December 21, 1961" is not in fact the same document that is attached as Exhibit "A" to plaintiffs' motion. Nor is there any claim that the contract was not in existence on January 3, 1968, when the will was executed. Moreover, we think the testator's intent to incorporate the 1961 contract into the will is clear from the use of the word "executed," which refers to something which has already occurred. The decision in Bolles v. Toledo Trust Co., 144 Ohio St. 195, 58 N.E.2d 381 (1944), encourages a commonsense approach to will construction. In that case the decedent had left, in a residuary clause the remainder of his property, real and personal, to the Toledo Trust Company in trust "to be managed and disposed of in accordance with the terms and provisions of a certain trust agreement bearing the date of January 26, 1928, and known as trust number 331, wherein The Toledo Trust Co. is trustee of certain trust property. . . . " The Court stated that as to this item "we are clearly of the opinion that testator thereby incorporated by reference the terms and provisions of trust No. 331." 144 Ohio St., at 216, 58 N.E.2d at 392. We think for purposes of the issue of incorporation by refer-

ence that the will before us is essentially the same as the one before the Supreme Court of Ohio in *Bolles,* and we are unable to reach an opposite result. See also, Linney v. Cleveland Trust Co., 30 Ohio App. 345, 165 N.E. 101 (1928), where it was held that a testator had properly incorporated an extrinsic document by referring to it as "a resolution adopted by the Board of Directors of the Cleveland Trust Co. on the second day of January, 1914, providing for a community charitable trust, designated in said resolution as The Cleveland Foundation.

Plaintiffs' reliance upon First Nat'l Bank of Janesville v. Nelson, 355 F.2d 546 (7 Cir., 1966) is unjustified by the facts of that case. There, the testator had bequeathed certain sums of money to his wife "pursuant" to an ante-nuptial agreement. The Court found that the reference was not intended to incorporate the agreement into the will, but was merely intended to show the testator's fulfillment of his obligation thereunder. Even were the word "pursuant" substituted for the word "subject" in the present will, however, it would be clear that the decedent's intent was different from that of the testator in *Nelson*. Nothing in the will in the instant case suggests that the testator was merely referring to the fulfillment of any obligation incurred by the execution of the 1961 contract. On the contrary, the words of Item III convey the intention of the testator that his wife be bound to fulfill her obligations as set forth in the 1961 agreement.

■ We also reject plaintiffs' unsupported assertion that the failure to deposit the contract to make a will in the Probate Court within 30 days of the date the will was probated requires us to find that the document was not properly incorporated into the will. Section 2107.05, Ohio Rev.Code, wherein the requirement that an extrinsic document be deposited in the Probate Court is contained, has no provision that failure to comply has the consequences claimed by plaintiffs. Our attention is directed to no decisions which would indicate that such failure is sufficient to thwart testamentary intent.

Therefore, we hold that the 1961 contract to make a will was properly incorporated by reference into the testator's will, and we proceed to the remaining question whether the interest in the shares bequeathed to the surviving spouse qualifies for the marital deduction.

Under 26 U.S.C. § 2056(a), the value of property passing from the decedent to his surviving spouse may be deducted from the value of the gross estate. But no such deduction will be allowed:

> "Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail. . . ." 26 U.S.C. § 2056(b)(1).

In the case of an interest in property passing from the decedent the deduction will be permitted if his surviving spouse is entitled for life to periodic payments of all the income from the entire interest (or from a specific portion thereof), and if the spouse, and no one else, has the power to appoint the entire interest, or such specific portion, such power to be exercisable in favor of the surviving spouse or her estate or in favor of either, whether or not the power is also exercisable in favor of others. 26 U.S.C. § 2056(b)(5). This qualification applies:

> " . . . only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events." *Id.*

Plaintiffs make their arguments with respect to this issue in three separate branches. It is argued first that certain language in the will provides for a bequest of the stock in fee simple, and that Ohio law does not permit subsequent language in a will to reduce an expressed bequest of a fee simple. Next, it is claimed that the will gives the sur-

viving spouse the power to dispose of the stock, with the proceeds from the disposition passing to her as personal property other than stock under the will, free from any restriction. Finally, plaintiffs contend that the testator's true intent in providing the company with the right of first refusal of the shares bequeathed to his spouse was not to grant his wife less than a fee simple interest in the stock, but to perpetuate family ownership of the corporation.

We conclude we cannot follow the approach suggested by plaintiffs for the reason, as the defendant correctly points out, that the central issue in every will construction case is the ascertainment of the testator's intent. Thus, it is to that issue that we address ourselves, though references to the separate arguments will be made where necessary.

■ All rules of will construction are useful only insofar as they assist in carrying out or arriving at the intention of the testator. The intention must be ascertained from the words contained in the will. All parts of the will must be construed together and effect given, if possible, to every word. Parole evidence is not admissible to vary, contradict, or add to the terms of a will, or to show a different intention on the part of a testator from that declared by the language of the will. See, generally, 56 Ohio Jur. 2d Wills §§ 508–532.

Applying these general principles to the instant case, we conclude that the intent of the testator is clear from the words contained in the will; that there is no need, therefore, to consider the information contained in Exhibits "C" and "D" (attached to item 11); that the testator's wife received under the will a life estate in the shares bequeathed, with a restricted power of appointment over the estate; and that the power not being exercisable "alone and in all events," the interest does not qualify for the marital deduction.

■■ The basis of plaintiffs' argument here is that certain language of the testator's will purports to give his wife an estate in fee simple in the shares bequeathed her, while certain other language ineffectively attempts to restrict that interest. Thus, the Court is faced with the problem of reconciling the diametrically opposed principles, namely: (1) that a fee once given cannot be cut down by a subsequent clause in the will; and (2) if the language is such as to clearly indicate an intention to grant only a life estate to the first taker, with a remainder over, courts will construe the will as a whole and give effect to the intention expressed in the will. See Krumm v. Cuneo, 71 Ohio App. 521, 47 N.E.2d 1003 (1943); Matter of Will of Shira, 93 Ohio Ops.2d 128, 165 N.E.2d 60 (Ohio Prob.1959).

The Supreme Court of Ohio has stated that the true reason for the rule that a remainder cannot be engrafted upon a fee is not because the law will not permit it, but because it is impossible, once the whole of an estate has been given to one, to then give a part of the same estate to another. Baxter v. Bowyer, 19 Ohio St. 490, 497 (1869). In *Baxter,* the first paragraph of the will "gave and devised" all the testator's property to his wife with the express—

> " . . . desire that she shall have unlimited power in the possession of all property, real and personal, thus bequeathed to her; to sell, at public or private sale, on such terms as she may think best, or use in any manner she may deem proper, any or all of the property, real or personal; and deeds to purchasers to execute, acknowledge, and deliver in fee-simple."

The third paragraph of the will provided:

> "I do hereby devise and bequeath, at the death of my beloved wife, after all expenses resulting from her last sickness and demise, and expenses of tombstones and item second have been adjusted, all the property then remaining to the presbytery of Cincinnati. . . ."

The Court observed that the language of the first paragraph, when construed by

itself, would undoubtedly give the wife a fee. But the Court found the phrase "all the property then remaining" in the third paragraph to signify the testator's intent that his wife receive only a life estate, with the remainder to go to the presbytery. The Court found all apparently contrary case authorities to be distinguishable on the basis that in most of them "the subject matter of the limitation over was, not the remainder of the estate, but such part of the estate as the first devisee or legatee *chose to leave.*" 19 Ohio St., at 499. (Emphasis in original.)

In Johnson v. Johnson, 51 Ohio St. 446 (1894), the will gave the testator's property to his wife "with full power to bargain, sell, convey, exchange or dispose of the same." The will also provided that "if at the time of her decease, any of my said property shall remain unconsumed" it was to go to other designated persons. The Court held that under the will the widow took only a life estate with a power to bargain, sell, convey, exchange or dispose of the property as she might think proper for consumption in her life support, and that what remained at the time of her death belonged to the designated remaindermen. The fact that the testator, after using words which in themselves would give a fee, also provided for a power to bargain, sell, convey, exchange or dispose of as she might think proper "at once creates a slight inference that something less than a fee was intended," 51 Ohio St., at 458, for the reason that a fee in itself and without more carries with it the powers which the testator expressly gave. And, while the addition of these powers to words giving a fee did not alone destroy the fee:

> "Yet when these express powers are taken in connection with what followed the part of the will above quoted, the intention of the testator to give to his wife only a life estate in the property becomes clear and manifest." Id.

*Baxter* and *Johnson* are recognized in Krumm v. Cuneo, 71 Ohio App. 521, 47 N.E.2d 1003 (1943), a case upon which plaintiffs principally rely, as leading cases in the area of will construction. The *Krumm* Court also acknowledged the principle that a testator may, by the use of language in subsequent portions of his will, give a lesser estate than the meaning of the words of the initial gift, standing alone, would import. The will before the Court in *Krumm* contained a bequest of all the testator's personal property to his wife "but in case she should die and leave any part of the personal property unconsumed or undisposed of," the part remaining was to go to the testator's nephews and nieces. The Court was of the opinion that the wife was given an absolute estate in the designated personal property and that the attempted disposition of what might remain undisposed of at her death was void because repugnant to the original devise.

When the will in the case at hand is examined in view of the authorities just discussed, there can simply be no question but that the testator did not intend to create an estate in fee simple in the shares bequeathed to his wife. It is true that the words "I do hereby devise and bequeath my shares of the common stock of P & W Tool and Die Company . . . to my wife" in the first paragraph of Item III are undoubtedly sufficient, standing alone, to create a fee simple interest in the shares. But other language of the will is such as to distinguish this instrument from the will in *Krumm, supra,* and establishes that this testator's will did not devise a gift to a person indefinitely with a superadded power to dispose, but rather gave a gift for life with a power of disposition superadded, and it is not in doubt that in the latter case only a life estate, and not a fee, is created. 71 Ohio App., at 531, 47 N.E.2d 1003. The words of the second paragraph of Item III constitute the conditions of the bequest, setting forth unambiguously the requirement that in the event of a change in the spouse's relationship to the corporation, and upon her decease,

she leave them subject to the provisions of the 1961 contract by which she agreed not to transfer or alienate the shares, that she bequeath the shares equally to the testator's grandchildren, and that if she desires to sell the shares, or goes bankrupt, or is legally incapacitated, the corporation has a 90-day period in which to puchase the shares.

We also think a strong inference that no fee was intended can be drawn from Item V of the will, in which it is stated that the foregoing bequests, including the bequests of the shares in Item III were set up "with the primary intent and purpose of providing ownership interest and continuity of management of this organization." It being the testator's expressed intent to retain his family's ownership of the corporation, it is clear that had his wife been given a fee simple interest in the shares, she would have been able to exercise exclusive control over their disposition and would have been in no way bound by the wishes of the testator that the corporation retain the right of first refusal of the shares when she decided to sell them. It offends logic and settled principles of will construction to hold that the testator chose by the terms of Item III to thwart the intent he expressed in Item V, yet that is precisely what the plaintiffs urge that we do.

We hold on the basis of the foregoing that the will in question passed only a life estate in the shares bequeathed. In view of this conclusion, plaintiffs can qualify for the marital deduction only if the spouse was granted a power of appointment over the shares which was exercisable "alone and in all events." 26 U.S.C. § 2056(b)(5).

■■■■ As we have already suggested in connection with the issue just discussed, we cannot conclude that the testator's spouse was given a power of appointment over the shares which was exercisable alone and in all events. A power which is exercisable only for a limited purpose, or which can be terminated during the life of the surviving spouse in any manner other than by her

complete exercise or release, is not exercisable alone and in all events. Regs. § 20.2056(b)–5(g)(3). By the plain terms of the will, the corporation was given the right to purchase the shares that comprised the bequest upon the occurrence of any of several events: the spouse's desire to sell the shares; her legal incapacity or bankruptcy; and upon her decision to leave the corporation. Each one of these is an "event" upon the occurrence of which the spouse's power of appointment is not exercisable. See, e. g., Starrett v. Commissioner of Internal Revenue, 223 F.2d 163 (1 Cir., 1955). The fact that the surviving spouse could sell the stock and pass the proceeds under her will without restriction merely demonstrates one "event" in which her power to appoint would not be restricted, but it cannot obscure the fact that she still had restricted powers of appointment over the shares themselves, in accordance with her husband's intent. To argue, as the plaintiffs do, that these restrictions were only temporary in nature is to concede that the power was not exercisable in *all* events. This being the case the requirements of 26 U.S.C. § 2056(b)(5) have not been met, and the marital deduction was properly disallowed.

We should note, although neither party has addressed itself to this point, that the clause in the second paragraph of the will which refers to the proviso as to resale to the corporation "in the event of a change in her relationship to the corporation" may or may not be coextensive with all the contingencies in paragraph (1)(a) of the 1961 contract. It perhaps can be inferred from the testator's decision to use the more general phrase "change in her relationship" to describe in summary fashion all of the limitations of paragraph (1)(a). Had the testator desired in his will to bind his spouse to the contract only in the event her employment should be terminated by the corporation, he could easily have utilized the exact words of the contract, but he chose not to do so. We need not make that determination, however, for

even the most limited scope attributable to the language has the effect of so restricting the spouse's power of appointment as to disqualify the shares for the marital deduction.