## No. 815
## STOPHLET, Exrx. v. STOPHLET et

Ohio Appeals, 9th Dist., Wayne Co.

No. 815. Decided May 26, 1926

**1271. WILLS**—Two inconsistent provisions of a will should be reconciled and given effect if the testator's manifest intention will thereby be carried out; but where a fee is devised and subsequently provision for a remainder is made, the latter must be rejected as a remainder cannot be engrafted on a fee.

WASHBURN, J.

This case was originally instituted in the Wayne Common Pleas to construe a provision in a will as follows:—"I give and devise to my beloved wife, all the residue of my estate, to be hers forever. At the death of my wife, the property is to revert to my brothers and sister and their heirs, viz: S. W. Stophlet, E. W. Stophlet and Olive Plank.

The Common Pleas finding in favor of Elizabeth Stophlet, the devisee, the case was taken up on appeal and the Court of Appeals held:

1. If two provisions of a will are apparently inconsistent, they should be reconciled and both given effect if the language used and the circumstances warrant the conclusion that by so doing the manifest intention of the testator can be carried out.

2. But if two provisions are absolutely irreconcilable, and a fee in the first devisee is clearly and unmistakably given, a limitation over must be rejected, for if the testator has given the whole estate in fee simple, he has nothing to give in remainder.

3. If circumstances warrant the conclusion that an absolute estate in fee simple in the

first devisee was not intended, then the testator's intention as ascertained from the whole will in the light of its provisions and circumstances should be carried out.

4. There is nothing in the will or in the surrounding circumstances indicating that the testator did not intend to give his wife the estate absolutely and forever, except the inconsistent provision of the limitation over.

5. The two provisions being irreconcilable, the rule that a remainder cannot be engrafted on a fee must control.

Decree as in the court below.

Attorneys—Critchfield & Etling for plaintiff; Kean & Adair for defendant; all of Wooster.