### DEAN et v HART

Ohio Appeals, 2nd Dist, Greene Co

No 428. Decided Jan 21, 1937

Miller & Finney, Xenia, for appellant.
Frank H. Dean, Xenia, for appellees.

## OPINION

By THE COURT

The questions raised by this appeal relate to the construction of the will of M. R. Snodgrass, deceased. Inasmuch as all the parties are familiar with the contents thereof, it is not set forth herein.

Although there is some conflict in the record as to dates, it appears that M. R. Snodgrass died November 21, 1934 and his wife, Della Hill Snodgrass, died December 7, 1934. Item II of the will is, "I give to my son Raymond Snodgrass lots numbered two and three as numbered on said plat." The property so devised is encumbered with a mortgage in the sum of $1937.87. It is conceded that the real estate in this estate must be sold for the payment of debts, but it is claimed that all devisees should contribute not only to pay the general obligations of the estate, but also the mortgage on the property devised to Raymond Snodgrass. This contention is based on the provisions of §10504-75 GC, which provides:

"When any estate, real or personal, devised, is taken from the devisee for the payment of the testator's debts, the other devisees and legatees must contribute their respective proportions of the loss to the person from whom it was taken, so as to make the loss fall equally on all the devisees and legatees, according to the value of the property received by each of them excepting as provided in the next following section."

If this controversy were between Raymond Snodgrass and the residuary legatee of personal property after the payment of debts and legacies, there would be some merit to this claim. **Forman v Bank, 119**

Oh St 7; **Hart v Hart, 6 Abs 580.** Such, however, is not the situation and the law seems to be settled in this state that specific devises cannot be made to discharge the mortgage indebtedness of another piece of real estate specifically devised as in this case. **41 O. J. 881; Glass v Dunn, 17 Oh St 413; Tucker v Lungren, 12 O.C.C. 622.**

We hold, therefore, that the mortgage indebtedness is not to be discharged in whole or in part out of the proceeds of the sale of the remaining real estate devised. This coincides with the testator's apparent intention, for the value of the property bequeathed to each of his children is more nearly equal than if the contrary result were reached.

Construction of Item 4 of the will is sought. So much of Item 4 as is necessary to a disposition of the question presented is as follows:

"I give my wife, Dellia Snodgrass, lot No. six * * * and the house and lot where we now live, * * * in Gordon's Addition to the city of Xenia, * * *.

"* * * I also intend that she shall have the rents of all my property heretofore given to my children (in Items 1, 2 and 3) during her life, or as long as she remains my widow; but she must pay the taxes on the said property and keep it in repair while she is receiving the rents.

"The gifts to my wife are limited as follows: it shall never be subject to the payment of any debts, contracted by my wife after my death, and at the death of my wife shall go unencumbered, in fee to my children, Raymond Snodgrass and Lois Halder Equall."

The prime purpose in construing any will is to divine the meaning and intent of the testator from the language employed. Technical rules of interpretation may be resorted to as aids to the construction of the will but they cannot control if they are in conflict with the apparent intention of the testator. **Barr v Denny, 79 Oh St 358.** It is also a cardinal canon of construction to give meaning and effect to all of the language used in the will if it can be done.

There can be no doubt that the statement of the testator, "I give," etc, would be all-sufficient to carry an estate in fee to any real estate thus devised. "Give,"

however, is not a word of limitation or perpetuity and only has such effect because of the liberality accorded in construing wills in furtherance of the desire to carry out the purpose of the testator.

There is no conflict in the law respecting the inability of a testator to cut down a fee once given by subsequent language which is indecisive or uncertain. On the other hand, a fee simple estate granted in one clause of a will may be restricted to a lesser estate by subsequent provisions thereof. **41 O. Jur**, par. 624. The controlling rule gleaned from many cases is well stated in **41 O. Jur.**, par. 624:

"Therefore, a fee simple estate granted in plain and unequivocal language in one clause of a will cannot be lessened or cut down by a subsequent clause unless the language is as clear, plain, and unequivocal as that in the first grant."

Many cases are cited supporting the text. In **Moeller v Poland, 80 Oh St 418**, the fifth item of the will provided:

"After the payment of all bequests herein made I do give all the remainder of my estate of every description, cash, stocks, bonds and credits (except proceeds of sale of real estate in Cincinnati) to my sister, Mary L. Rossiter. Sixth. After the death of my sister, Mary L. Rossiter, and myself, I give and bequeath to the Most Rev. W. H. Elder, the Catholic archbishop of Cincinnati, and his successor in office, all my real estate and personal property of every description, wherever situated, that I may own or be entitled to at the time of my death, to be by him or his successor in office, to be held or disposed of in such way as he or his successor in office may choose for the benefit of the Catholic Orphan Asylum."

It was held that these two items taken together evinced an intention on the part of the testator to give to his sister, Mary L. Rossiter, a life estate in the real estate and the use of the personal property for life, with a remainder of the whole estate, personal as well as real, to Archbishop Elder and his successor in trust for the St. Joseph Orphan Asylum.

A majority of the court, then, is of the opinion that the limitation, so defined by the testator, that the gifts to his wife were to be restricted to the rents of the real estate described in Items 1, 2 and 3 during her life, that she was to be obligated to pay the taxes on the property and that at her death the real estate described in Item 4 should go unencumbered **in fee** (emphasis ours) to the two children of the testator, discloses an intention to vest the widow with a life estate only, the remainder to the two children of the testator, Raymond Snodgrass and Lois Halder Equall. Such construction gives purpose and effect to all of the will and will conform to the intention manifest by a reading of all of Item 4. The language indicating a purpose to cut down an unqualified gift in fee to the wife is as definite and distinct as is that portion of the item wherein the gift is made to the wife without qualification. The expression, "at her death the real estate * * * shall go unencumbered," is decisive and powerful in effect. If the item be construed to vest an unqualified fee in testator's wife. then much of the language of the will must be disregarded entirely and given no weight whatever.

A decree may be drawn in accordance with this decision.

HORNBECK and BARNES, JJ, concur.

CRAIG, PJ.

I agree with the majority of the court in holding that Raymond Snodgrass takes his devise under Item 2 of the will subject to the mortgage indebtedness on the property, but I do not concur in the holding that Dellia Hill Snodgrass was given a life estate by the provisions of Item 4 of the will.

By the use of the words "I give," the testator used language which was sufficient to transmit the fee to Dellia Snodgrass as to the property described in Item 4. **Smith v Berry**, 6 Ohio 366; Lincoln v Lincoln, 107 Mass. 590; **Thompson v Hoop**, 6 Oh St. See discussion in **Niles v Gray**, 12 Oh St 320, at pages 328 and 329. §10504-72 GC.

Having created the fee the testator could not cut down that fee except by language as clear, plain and unequivocal as that in the first grant. 41 O. Jur., 739. A careful examination of the language used in this item of the will shows that it is not sufficient to cut down the fee to a life estate. In my judgment the language used in this will comes within the rules laid down in the following cases: **Stophlet, Executor v Stophlet, 22 Oh Ap 327 (4 Abs 644); Turnbull v Stantz, 30 Oh Ap 34 (6 Abs 429); Pealer v Cruit, 3 Abs 325; Hull v Chisholm, 7 Oh Ap 346; Steuer v Steuer, 8 O.C.C. (N. S.) 71; 71 A.L.R. 110 to 111.**