**SWEIGERT, Plaintiff-Appellee, v. SWEIGERT, Defendant-Appellant, CLEVELAND TRUST CO. Exr. etc., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21274. Decided June 13, 1949.

Deibel, Elbrecht & Roberts, Cleveland, for plaintiff-appellee.
Halle, Haber, Berick & McNulty, Cleveland, for defendant-
appellant.

## OPINION

By DOYLE, J.

This cause is on appeal from the Probate Court of Cuya-hoga County, where a judgment was rendered in favor of the claimant to certain property by virtue of the provisions of a will therein probated.

The question to be decided is whether, under two items of the will of Catherine B. Schweigert, deceased, her husband, who survived her at her death, was entitled to the property, both real and personal, without limitation or condition, or whether there was vested in him a life estate only, with a gift over of the remainder to their son upon his, the husband's, death.

The husband is now dead. The will was executed in 1914 and Mrs. Schweigert's death occurred in 1946.

The controversial provisions are as follows:

"Second: I give, devise and bequeath to My Dear beloved Husband, Albert Schweigert, Absolutly (sic) all my real and personal property now in my possession or that which may come into my possession hereafter of every kind and nature..

Third: And after his decease that all his real and personal property that is in his possession at the time of his death, shall become the property and possession of my dear beloved son Albert E. Schweigert, absolutly (sic) and forever."

The Probate Court ruled that, upon the death of the testatrix "an absolute fee simple estate" in the real estate vested in the husband, as well as "an absolute interest in all personal property" of which she was seized at the time of her death, and that "the attempted limitation over * * * to her son * * * is null and void and of no effect."

It is this ruling which this court is now asked to reverse and to hold that a life estate only vested in the husband, and that item "Third" of the will, set out above, "vested a valid remainder in the son."

There can be no doubt but that item "Second" standing alone, vests a fee simple title, without limitation, of the real estate, and an absolute ownership of the personal property, in the husband and that, if item "Third" attempted to impose a limitation on the ownership of the specific property devised and bequeathed by the wife, the rule announced in **Gill Exe. v. Leach, Admrx., et al, 81 Oh Ap 480,** would be applicable, unless §10512-7 GC should be construed to apply to the real property devised.

In the case cited above, it is stated:

"* * * when the absolute and unrestricted ownership of property is given by a will, a limitation over is void, because such a limitation is inconsistent with the full and complete title already given."

However, under the language of item 'Third' of the instrument, the testatrix does not attempt to limit the unrestricted ownership of the personal property bequeathed, nor does she attempt to make the fee simple estate devised, defeasible upon the event of the death of her legatee and devisee. It therefore follows, for this reason (and perhaps for other reasons not now considered) that the statute (§10512-7 GC) has no application to the instrument in question.

As we view the language of the testatrix, she gave to her husband unrestricted title to her property, both real and personal, and then she attempted to will for her husband all of the real and personal property which he might have at his death. She made no reference to any specific property whatsoever, but simply undertook to will for her husband all

of his property, without reference to kind, description or how acquired. Of course, the law does not permit her to execute a will for her husband, nor can a fee simple estate be made defeasible, even under §10512-7 GC unless the words of the instrument devising such estate indicate the specific real property upon which the limitation is intended.

It is the conclusion of the members of this court that the ownership of the property of the testatrix vested without limitation in her husband at the time of her death; item 'Third' of the will is inconsistent with and repugnant to item 'Second' and is an attempt by the testatrix to dispose of her husband's property in her will; and §10512-7 GC and sections of the Code prior thereto have no application to this case.

The judgment must be and is affirmed. Exc. Order see journal.

SKEEL, PJ, HURD, J, concur.