PERDUE, APPELLANT, *v.* MORRIS ET AL., APPELLEES.

(No. 878—Decided May 19, 1952.)

*Messrs. Thornburg & Lewis,* for appellant.
*Messrs. Walker & Linch,* for appellees.

PHILLIPS, J. By items one and two of his last will and testament, Meredith D. Morris, called testator herein, disposed of real and personal property as follows:

"First, I order and direct that my executrix hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second, after the payment of such funeral expenses and debts, I give, devise and bequeath all my property both real and personal to my wife, Estella May Parks Morris.

"At her demise, I request that each of our children Thomas E. Morris, Kenneth E. Morris and Ruth E. Morris be given his or her proportionate share of the estate due consideration being given to those children and persons working and caring for the farm property."

By duly executed codicil testator revoked, in part, item I of his will, which revocation this court, like the trial court and counsel, interprets as referring to item II. In the codicil he devised to plaintiff part of such real property, consisting of 48 acres, and ratified and confirmed his "will in all other respects."

On March 17, 1948, Estella May Parks Morris, designated as widow in this opinion, quitclaimed to defendant any interest she had in the real property described in plaintiff's petition.

In her petition filed in the Court of Common Pleas in her action in partition, plaintiff claimed a legal right to, and alleged that she was seized in fee simple of, an undivided one-third part, or share, of the real estate described therein, consisting of one tract of 141 acres

plus and another of 53 acres plus of land situated in Belmont county, and referred to in item II of testator's will; that defendants are tenants in common with her in such lands, and each are entitled to an undivided one-third part thereof; and that she and defendants derived title to such lands from the same source.

The question presented to the trial judge was whether testator's widow was devised a fee simple estate in such real estate, or merely a life estate therein with remainder over to plaintiff and defendants.

The trial judge found, and entered his judgment accordingly, that the widow was devised a fee simple estate in such real estate; that plaintiff had no interest in the real estate sought to be partitioned; and that she was not entitled to have it partitioned. The court dismissed plaintiff's petition.

Plaintiff appealed from the judgment of the trial court on questions of law, and by assignment of error contends "that the decision and judgment of the Court of Common Pleas should have decreed to the plaintiff, Ruth M. Perdue, the one-third (1/3) interest in the real estate described in the petition"; that "the decision and judgment of the court is against the weight of the evidence"; and that "the judgment and order of the Court of Common Pleas is [sic] contrary to law."

The question presented to this court by plaintiff's appeal is the same as that presented to the trial court, stated *supra.*

The cardinal rule in the interpretation of wills that the court must ascertain from and give effect to the intention of the testator as gathered from the "four corners" of his will may be modified somewhat by other recognized and applied rules.

Section 10504-72, General Code, providing a rule of construction, and not of property, to be employed only

when it aids a court in ascertainment of intention and disregarded when its observance is plainly subversive of such ascertainment, provides:

"Every devise in a will of lands, tenements or hereditaments, shall convey all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate."

In considering that section of the General Code, courts favor the creation of a fee and cast the burden of proving a lesser estate in real property upon the one asserting that a devise is of a lesser estate than a fee simple.

As was said by the trial judge in his opinion:

"Another rule of construction is that an estate in fee simple is the full and absolute estate in all that can be granted and subsequent provisions of the will will not avail to take away from such estate certain qualities that the law regards as inseparable therefrom. It is therefore the law that when a testator makes a gift with a condition repugnant to the gift, the condition is void. However, it is obvious that a testator may, by the use of language in other parts of the will, give a lesser estate than the meaning of the words of the gift standing alone would import. Therefore, the rule is, as is well set out in the case of *Winn* v. *William,* a Kentucky case reported in 165 S. W. (2d) at page 961, as follows:

" 'The rule that an early vesting of an estate is favored in the absence of a clear manifestation of a contrary intention, and the statute declaring that a legacy shall be regarded as absolute rather than a qualified fee in case of doubt, are parts of every will.' "

While it is true that other jurisdictions are more liberal in construing wills favoring remainders than is Ohio, we are bound by Ohio decisions and, construing testator's will and item II thereof particularly, we

hold, as did the trial judge, that by the terms of testator's will the widow was devised a fee simple estate in the real property sought to be partitioned.

See *Dean* v. *Hart,* 23 Ohio Law Abs., 617; *Krumm, Exr.,* v. *Cuneo,* 71 Ohio App., 521, 47 N. E. (2d), 1003; *Howe* v. *Fuller,* 19 Ohio, 51; *Johnson* v. *Johnson,* 51 Ohio St., 446, 38 N. E., 61; *Watkins* v. *Price,* 16 Ohio App., 27; *Powell, Jr.,* v. *Layton,* 79 Ohio App., 279, 69 N. E. (2d), 444; *Trumbull* v. *Stentz,* 30 Ohio App., 34, 164 N. E., 57; *Gill, Exrx.,* v. *Leach, Admx.,* 81 Ohio App., 480, 80 N. E. (2d), 256; *Stophlet, Exrx.,* v. *Stophlet,* 22 Ohio App., 327, 153 N. E., 867; *Steuer* v. *Steuer,* 8 C. C. (N. S.), 71, 18 C. D., 145; *Tax Commission of Ohio* v. *Oswald, Exrx.,* 109 Ohio St., 36, 141 N. E., 678; *In re Estate of Tooley,* 170 Cal., 164, 149 P. 574, Ann. Cas. 1917B, 516; *Presbyterian Bd. of Foreign Missions* v. *Culp,* 151 Pa., 467, 25 A., 117; *Cales* v. *Dressler,* 315 Ill., 142, 146 N. E., 162; *Gahan* v. *Golden,* 330 Ill., 624, 162 N. E., 164; *In re Estate of Hayward,* 57 Ariz., 51, 110 P. (2d), 956; *Keiser* v. *Jensen,* 373 Ill., 184, 25 N. E. (2d), 819; and *In re Estate of Cook,* 58 Cal. App. (2d), 376, 136 P. (2d), 338.

Likewise we concur with what the trial judge said in his opinion that:

"Assuming that the court could find that only a life estate was granted to the widow, what then would be the status of the shares of the three children? The language reads 'at her demise, I request * * * that Thomas E. Morris, Kenneth E. Morris and Ruth E. Morris be given his or her proportionate share of the estate due consideration being given to those children and persons working and caring for the farm property.' What would be the interest or estate of each? The will does not provide for a division. If we could construe the term 'proportionate share' to mean one-third each, who would determine what monetary consideration should be given to 'those children and per-

sons working and caring for the farm property'? That would not be within the authority of the personal representative because the personal representative would have no authority to make a will for the testator. Obviously the language is vague, uncertain and ambiguous in meaning and would therefore not satisfy the provisions of Sec. 10504-72 under which a remainder over would be valid.''

We find no error prejudicial to plaintiff on any of the grounds stated in her assignments of error.

Therefore, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., and GRIFFITH, J., concur.