In re Estate of Koval *v.* Koval, Incompetent, et al.

[Cite as In re Estate of Koval v. Koval, 8 Ohio Misc. 206.]

(No. 688076—Decided September 19, 1966.)

Probate Court of Cuyahoga County.

*Mr. Albert G. Schleicher*, for plaintiff, Joseph Gery, executor.

*Mr. Joel M. Garver*, for trustee for suit for unknown heirs, next of kin, etc.

Andrews, Chief Referee. This action for a declaratory judgment is brought by Joseph Gery, executor of the will of John Koval, who died on December 11, 1965, and whose will was admitted to probate on January 27, 1966.

Mr. Koval left no lineal descendants, but is survived by his wife, Zella Koval. On March 31, 1966, Mary Gary was appointed guardian of the person and estate of Zella Koval by reason of incompetency due to physicial disability, Zella Koval having consented to the appointment. See Section 2111.02, Revised Code.

The property left by John Koval amounts to slightly less than $27,000.00. This includes real estate valued at $14,500.00. Except for a 1957 Chevrolet, valued at $50.00, the rest of the property consists of cash and funds on deposit.

Item 2 of Mr. Koval's will bequeaths $100.00 to Catholic Foreign Mission Society of America, Inc., ''for Holy Masses to be said for the repose of the soul of my wife, Zella Koval * * *,''

Item 3 bequeaths $100.00 to the same institution, ''for Holy Masses to be said for the repose of my soul, John Koval * * *,''

In Items 2 and 3, there is a notation: "(Mission Society known as Maryknoll Fathers)."

Plaintiff asks that this court declare the bequests in Items 2 and 3 to be proper," and that the court order the respective bequests carried into effect by payment to Maryknoll Fathers.

An answer has been filed by the trustee for the suit for Zella Koval, incompetent, and also for unknown heirs and the like, and unborn devisees and legatees. The trustee for suit agrees that Items 2 and 3 are valid and should be "honored."

No other answers have been filed. Maryknoll Fathers has agreed to the conditions imposed by Items 2 and 3.

There is no possible ground for holding the bequests in Items 2 and 3 invalid. Mr. Koval having left no lineal descendants, Section 2107.06, Revised Code (the so-called mortmain statute), is not involved. I hold that these bequests are valid.

Item 4 of the will reads as follows:

"I give to our friend Mrs. Mary Kocan, as a small token of my appreciation and friendship and my wife's esteem, the sum of Two Hundred ($200.00) Dollars."

Both counsel ask me to declare this gift valid. There is nothing even remotely suggesting any invalidity with respect to this bequest, and I hold that it is valid.

Item 5 presents a problem. In it the testator devises and bequeaths the "balance" of his estate as follows:

"* * * to my beloved wife, Zella Koval, absolutely and in fee simple, to be held for her by Joseph Gery as trustee, for her keep and welfare as long as she lives; said trustee to serve and be appointed by the court without bond, and he is to look after my wife's comfort and welfare and pay all the bills out of my estate now and after my wife's decease, any property or money remaining after all expenses and debts are paid,

"I direct that trustee shall divide the remainder equally among the following persons:"

The persons so listed are Mary Gary, described as Zella Koval's sister; Joseph Gery, described as Zella's uncle; and two sisters and a brother of the testator, all three living in "Czecho-Slovakia."

Item 6 nominates and appoints Joseph Gery as executor of the will, and grants him various powers.

It is apparent that Item 5 is not skillfully drawn. The

language giving the property "absolutely and in fee simple" to Zella Koval conflicts with the direction that it be held for her by a designated person "as trustee," and that whatever remains after her death shall be divided between certain named persons.

It is significant that even plaintiff, who is named as trustee in Item 5, contends that the provisions for a trust and for distribution of the property remaining after Zella's death are ineffective. Moreover, the trustee for suit takes the same position and argues that Zella has a fee simple in the realty and absolute ownership of the personal property. I am in accord with the position taken by counsel.

It is difficult to imagine any language more forceful than the words "absolutely and in fee simple" to bestow complete ownership upon Zella Koval. And where a fee simple in real property or the equivalent in personal property is given, an attempted gift over of any property remaining after the designated person's death is of no effect. *Sweigert* v. *Sweigert*, 55 Ohio Law Abs. 442, 89 N. E. 2d 686 (Cuyahoga County App. 1949); *Gill* v. *Leach*, 81 Ohio App. 480, 37 O. O. 311, 80 N. E. 2d 256 (1947); *Krumm* v. *Cuneo*, 71 Ohio App. 521, 47 N. E. 2d 1003 (1943); *In re Shira's Will*, 82 Ohio Law Abs. 307, 13 O. O. 2d 128, 165 N. E. 2d 60 (Prob. 1959). And see the distinguishable case, *DeWolf* v. *Frazier*, 80 Ohio App. 150, 35 O. O. 485, 73 N. E. 2d 212 (1947). Section 2131.07, Revised Code, does not apply here. See 20 Ohio Jurisprudence 2d, *Estates*, Section 180.

Despite the words "as trustee," I do not believe that Item 5 manifests an intention to create a trust. It is basic that a trustee is given title to the property. 1 *Restatement (Second), Trusts*, Sections 2, 7 *(Comment a)*, 8 *(Comment a)*. In Mr. Koval's will, the property is devised and bequeathed to Zella Koval "absolutely and in fee simple," not to Joseph Gery in trust.

The mere use of the word "trust," "trustee," or the like is not conclusive. Such words are sometimes used loosely to cover other relationships, fiduciary in nature, but not technically trusts. See 1 *Restatement (Second), Trusts*, Ch. 1, Topic 2, p. 15, *Introductory Note*; Bogert, *Trusts and Trustees*, Section 45, p. 316 (2d ed. 1965).

An illuminating case, similar in many respects to the instant case, is *In re Butler's Will*, 151 N. Y. S. 2d 866 (App. Div. 1956). The language devising and bequeathing the property in that case was far weaker than the "absolutely and in fee simple" phrase of Mr. Koval's will. Similarly to the present case, the will in *Butler* contained the words "to be held in trust for her benefit." Despite the trust language, the Appellate Division held that there was no trust, and that the beneficiary was the absolute owner. Said the court in part:

"* * * It would appear that the text of the will following the absolute bequest merely qualified the method of enjoyment of the gift. The property was given to Mercedes but because the decedent believed that she was 'not of sound judgment and discretion in the handling of money,' its management was entrusted to another * * *"

The fact that Mrs. Koval's disability was physical rather than mental is of no significance in comparing the two cases.

Looking at the language of Item 5 as a whole, then, it is evident that the testator intended his wife to have the fee simple and absolute ownership in his property, but to have it managed for her by Joseph Gery. In view of her impaired physical condition, this was a perfectly natural desire. The language used by the testator points to a guardianship rather than a trusteeship. See 1 *Restatement (Second), Trusts*, Section 7, *Comment a*, especially the following:

"A trustee, however, has title to the trust property; a guardian of property does not have title to the property, but has only certain powers and duties to deal therewith for the benefit of the ward, the ward having title to the property. The beneficiary of a trust has an equitable interest in the subject matter of the trust; a ward has normally a legal interest."

See also, Bogert, *Trusts and Trustees*, Section 13, p. 59 (2d ed. 1965); Sections 2111.01, 2111.13, 2111.14, Revised Code.

Counsel have informed me that Joseph Gery does not wish to serve as the fiduciary, and, as previously noted, this court has duly appointed Mary Gary as guardian of the person and estate of Mrs. Koval.

## Conclusions of Law

1. The bequests in Items 2, 3 and 4 of the will are valid

and are to be carried into effect by plaintiff executor. The institution known as Maryknoll Fathers is the proper recipient of the bequests made by Items 2 and 3.

2. Zella Koval has a fee simple in the real property and absolute ownership in the personal property devised and bequeathed by Item 5 of the will as the "balance" of the testator's estate, the word "balance" undoubtedly meaning the residue.

3. No trust is created by Item 5.

4. The direction in Item 5 that the "trustee" shall divide any property or money remaining after Zella Koval's death among various named beneficiaries is void and of no effect.

5. Distribution of the "balance" referred to in Item 5 shall be in conformity with the guardianship proceedings whereby Mary Gary was appointed guardian of the person and estate of Zella Koval.