DUNKEL, Appellant,

v.

HILYARD and Tootle, Co–Executors of the Estate of Dunkel et al., Appellees.

[Cite as *Dunkel v. Hilyard,* 146 Ohio App.3d 414, 2001–Ohio–2597.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 01CA6.

Decided Oct. 15, 2001.

---

Leo J. Hall, for appellant.

Douglas R. Wrightsel and Kathy L. Swihart, for appellees Martha Hilyard and Thomas Tootle, Co–Executors.

David H. Starkey, for appellees Ronald and Carol Bates.

KLINE, Judge.

{¶1} Bryan Miller Dunkel appeals the judgment of the Pickaway County Court of Common Pleas entering summary judgment in favor of Martha Hilyard and Thomas F. Tootle ("the co-executors") and Ronald and Carol Bates. Dunkel asserts that the trial court erred as a matter of law in determining that Leland Dunkel's will granted a fee simple absolute to his wife, Eloise H. Dunkel. Because Leland used clear, technical language to devise a fee simple absolute without limitation to Eloise, we disagree. Dunkel also asserts that the trial court erred in determining that Eloise expended the estate she took from Leland, in speculating upon Dunkel's ability to overcome a laches defense, and in indicating that he had the burden to trace Leland's assets. Based upon our ruling on Dunkel's first two assignments of error, we find that his third, fourth, and fifth assignments of error are moot. Accordingly, we affirm the judgment of the trial court.

## I

{¶2} Leland Dunkel died testate in 1952. He had no children, but was survived by his wife, Eloise Dunkel. Among other things, Leland and Eloise jointly owned a two-hundred-thirty-five-acre farm at the time of his death. Leland's will provided in relevant part:

{¶3} "SECOND. I give, devise and bequeath to my wife, Elosie Dunkel, all my property of which I may die seized, to be hers absolutely and in fee simple, subject only to the provision and condition that, if any of said property so devised and bequeathed to my said wife, remain, at the time of her death, unused and unexpended by her and identifiable as property passing and descending to her by this, my last will and testament, then and in such event, such unused and unexpended portion shall, at the death of my said wife, pass and descend under the provision of item Fourth of this my last will and testament.

{¶4} "* * *

{¶5} "FOURTH. * * * In the event however that my said wife should die subsequent to my decease, leaving no such child or children her surviving, then and in such event, at her death, I give, devise and bequeath all such unused and unexpended portion of my estate, remaining after her death, as above referred to, to my brother, H. Miller Dunkel, to be his absolutely and in fee simple; in the event that he should precede my said wife in death, she surviving me and he leaving any child or children him surviving, but my wife leaving no child or children her surviving, then such above referred to unused and unexpended portion of my estate, I give, devise and bequeath to such surviving child or

children of my said brother, share and share alike, absolutely and in fee simple * * *."

{¶6} The parties stipulate that the appellant, Dunkel, is the sole surviving child of H. Miller Dunkel and is the only beneficiary under the fourth item of Leland's will.

{¶7} In 1979, Eloise conveyed the entire two-hundred-thirty-five-acre farm to the predecessors in title to the Bateses. Eloise died testate in 1999, having survived Leland by forty-seven years. In her will, Eloise devised her property to her brother, David Hilyard. Three months after Eloise's death, Dunkel presented a claim against her estate in the amount of $950,778, asserting that the portion of Leland's estate that Eloise did not expend in her lifetime now belongs to him. When the co-executors rejected Dunkel's claim, he filed suit in the trial court against the co-executors, and joined the Bateses as defendants.

{¶8} Dunkel, the co-executors, and the Bateses each filed a motion for summary judgment. The trial court found that Leland conveyed all his property to Eloise in fee simple, and that Eloise expended the property, rendering it no longer identifiable. The trial court accordingly denied Dunkel's motion for summary judgment and granted the co-executors' and the Bateses' respective motions for summary judgment.

{¶9} Dunkel appeals, asserting the following assignments of error:

{¶10} "I.   Where a testator leaves his property to his widow 'absolutely and in fee simple, subject only to the provision and condition that, if any of said property so devised and bequeathed to my said wife, remain, at the time of her death, unused and unexpended * * * such unused and unexpended portion shall * * * pass and descend under the provisions of item Fourth * * *,' a life estate with power to consume is created, and it was error for the court below to rule that appellant, a beneficiary under the fourth item of testator's will, had no interest.

{¶11} "II.   In determining the intention of a testator, all parts of the will must be construed together, and effect, if possible, given to every word contained in it. Thus, the court below erred when it ruled: 'Where a Last Will makes an absolute devise of real estate in clear and unequivocal language by using the words "absolutely and in fee simple," such unconditional devise cannot be reduced by a subsequent limitation.'

{¶12} "III.   * * * [I]t was error for the court to rule that the widow 'expended' the real estate when she converted it to another asset and commingled it with her own assets, when there was no evidence that the widow exhausted the asset to which it was converted.

{¶13} "IV.   The court directed the parties to file initial motions for summary judgment on the will construction issue only, and it was, therefore, error for the

court to speculate that, given the length of time since the death of the testator, appellant would be unable to establish that assets held by appellees were traceable to the testator.

{¶14} "V. One who has a life estate with a power to consume is a quasi trustee for those in remainder, and it was error for the court to intimate that those in remainder have the burden of tracing assets * * *."

## II

{¶15} Dunkel's first two assignments of error deal with the trial court's interpretation of Leland's will. Dunkel asserts that the trial court erred in ruling that the will devised a fee simple absolute to Eloise because that interpretation ignores the subsequent language granting Dunkel an interest in the property unused and unexpended by Eloise in her lifetime. The co-executors and the Bateses defend the trial court's judgment, arguing that Leland manifested his intent with the words "absolutely and in fee simple," and that the trial court correctly adhered to the rule that a subsequent limitation cannot be engrafted upon a fee simple absolute.

{¶16} It is well settled that the interpretation of wills is a question of law, and thus we apply a de novo standard of review. *Summers v. Summers* (1997), 121 Ohio App.3d 263, 267, 699 N.E.2d 958, citing *McCulloch v. Yost* (1947), 148 Ohio St. 675, 677, 36 O.O. 274, 76 N.E.2d 707. In the construction of wills, Ohio courts consistently follow the general rules set forth in paragraphs one through four of the syllabus in *Townsend's Executors v. Townsend* (1874), 25 Ohio St. 477, 1874 WL 101, as follows:

{¶17} "1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

{¶18} "2. Such intention must be ascertained from the words contained in the will.

{¶19} "3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear[s] from the context that they were used by the testator in some secondary sense.

{¶20} "4. All the parts of the will must be considered together, and effect, if possible, given to every word contained in it." See *Ohio Natl. Bank v. Adair* (1978), 54 Ohio St.2d 26, 8 O.O.3d 15, 374 N.E.2d 415.

{¶21} Pursuant to R.C. 2107.51, "Every devise * * * shall convey all of the estate of the devisor therein, unless it clearly appears by the will that the

devisor intended to convey a less estate." A will must be read "with the presumption that the testator was knowledgeable of the law." *Wendell v. AmeriTrust Co.* (1994), 69 Ohio St.3d 74, 76, 630 N.E.2d 368. When two provisions in a will conflict, they "should be reconciled so as to conform to the manifest general intent; it is only in cases where such provisions are wholly and absolutely repugnant that either should be rejected." (Emphasis omitted.) *Gill v. Leach* (1947), 81 Ohio App. 480, 483, 37 O.O. 311, 80 N.E.2d 256, citing *Tax Comm. of Ohio v. Oswald* (1923), 109 Ohio St. 36, 141 N.E. 678.

{¶22} The parties cite many cases with fact patterns similar to those in the case at bar, some holding that the first gift constitutes a fee simple, and some holding that the first gift constitutes a life estate or a trust. These cases fall into two broad categories: those in which the will includes "fee simple absolute" language and those in which it does not. Both are instructive in this case.

{¶23} In the first set of cases, the will contains the "fee simple absolute" language with respect to a gift to the first devisee but contains subsequent language attempting to give whatever remains after the first devisee's death to a second devisee. In these cases, Ohio courts have relied upon the testator's use of clear, technical language and have ruled that the first devisee received a fee simple absolute and that the attempted gift to a second devisee was invalid. See *Persinger v. Britton* (1918), 10 Ohio App. 164, 168, 1918 WL 864 (where will provided "I further will and desire (devise) one-half of said farm to my grandson * * * to be held by him and his heirs, in fee simple upon condition that he pay to his sister * * * the full value * * * of one-half the share of said farm," court held that the term "in fee simple" clearly and conclusively imported the testator's intent to grant a fee simple estate in the grandson.) See, also, *Widows' Home v. Lippardt* (1904), 70 Ohio St. 261, 71 N.E. 770, paragraph two of the syllabus, (where will provided "I give and bequeath to my beloved wife all my estate, * * * in fee simple * * *; that after the death of my wife, if there is anything remaining of my personal or real estate it shall be distributed in the following manner * * *," court held that the wife had the power to sell the real estate and "a deed making such a conveyance, good as against the widow, is good against the second devisees"); *Koval v. Koval* (C.P.1966), 8 Ohio Misc. 206, 208, 37 O.O.2d 265, 221 N.E.2d 490 (holding that "[i]t is difficult to imagine any language more forceful than the words 'absolutely and in fee simple' to bestow complete ownership upon Zella Koval. And where a fee simple in real property or the equivalent in personal property is given, an attempted gift over of any property remaining after the designated person's death is of no effect."). But, see, *Panzero v. Panzero* (Feb. 3, 1989), Portage App. No. 1927, unreported, 1989 WL 8479 (where testator's will devises her estate to her daughters, "equally, share and share alike, absolutely and in fee simple," and a subsequent item provides

only one daughter with "the right to live in my home, rent free, for as long as she desires," testator's intent is obvious; one daughter received a life estate, and the remainder will be divided among the daughters equally).

{¶24} The second set of cases involves wills in which the testator gives property to one devisee via language that does not explicitly, but generally prima facie, devises a fee simple absolute. The testator then attempts to give the property remaining after the first devisee's death to a second devisee. In these cases, the court has looked to whether the testator granted specific powers to the first devisee in order to determine whether the first devisee received a fee simple absolute. When a testator makes a devise, then further grants the devisee various powers, such as the power to "use," "possess," "sell," or "consume," Ohio courts have determined that the testator intended to limit the first devise. See *Johnson v. Johnson* (1894), 51 Ohio St. 446, 38 N.E. 61 (will devising all property to wife "with full power to bargain, sell, convey, exchange or dispose of the same," which then provided for property unconsumed upon wife's decease to go to another, held to create only a life estate in wife); *Baxter v. Bowyer* (1869), 19 Ohio St. 490, 1869 WL 83 (will that devised all property to wife, then expressly granted wife power to collect debts, pay bills, and possess and sell property, and then devised property remaining at wife's death to another, held to create only a life estate in wife). See, also, *In re Donner* (May 24, 1988), Scioto App. No. 1691, 1988 WL 65623 (Stephenson, J., dissenting, citing *Johnson* for the proposition that the express addition of powers to words that would otherwise convey a fee simple, when taken in connection with a subsequent devise of a remainder, indicates an intent to give only a life estate).

{¶25} In both *Johnson* and *Baxter*, the first devisee took a life estate rather than a fee simple absolute because the first provision was not absolutely repugnant to the second, and interpreting the will to grant a life estate to the first devisee both reconciled the conflicting provisions and conformed to the testator's manifest general intent. In contrast, in *Gill v. Leach*, supra, the will provided, "I give, bequeath and devise to my wife * * *," and did not put any further specifications or limitations upon the gift. *Gill*, 81 Ohio App. at 480, 37 O.O. 311, 80 N.E.2d 256. A subsequent provision disposed of all the testator's property "that shall remain unused at the decease of my said wife." The *Gill* court determined that the wife took a fee simple absolute, and declared the remainder provision invalid. *Gill* at 486, 37 O.O. 311, 80 N.E.2d 256. In so holding, the *Gill* court distinguished *Baxter* and *Johnson*, noting that the testators in those cases had manifested an intent to grant less than a fee simple absolute, "because if the testator had intended to make one an absolute owner, why should he make any provision as to the manner of using the property, or give

other powers inconsistent with an estate absolute?" *Gill* at 486, 37 O.O. 311, 80 N.E.2d 256.

{¶26} Similarly, in *Stophlet v. Stophlet* (1926), 22 Ohio App. 327, 153 N.E. 867, the disputed portion of the will provided simply, "I give and devise, to my beloved wife, Elisabeth, all the residue of my estate, to be hers forever. At the death of my said wife the property is to revert to my brothers and sister and their heirs * * *." The court, noting the rule that it should reconcile conflicting provisions of a will when possible, also noted that "if the two provisions are absolutely irreconcilable, and a fee in the first devisee is clearly and unmistakably given, a limitation over must be rejected, because, if the testator has given the whole estate in fee simple, he has nothing to give in remainder." *Stophlet* at 328, 153 N.E. 867. The court further stated that "[i]t is settled that a remainder cannot be ingrafted on a fee." Id. The court found (1) that the only thing indicating an intent to convey less than a fee simple absolute was the inconsistent provision; (2) that the two provisions were irreconcilable; and (3) that, therefore, the wife took a fee simple absolute and the devise of the remainder was invalid. Id. at 329, 153 N.E. 867. See, also, *Perdue v. Morris* (1952), 93 Ohio App. 538, 114 N.E.2d 286 (where will provided "I give, devise and bequeath all my property both real and personal to my wife * * *. At her demise, I request that each of our children * * * be given his or her proportionate share of the estate * * *," court held that testator gave a fee simple absolute to wife and the devise of the remainder was invalid); *Sweigert v. Sweigert* (1949), 55 Ohio Law Abs. 442, 89 N.E.2d 686 (where will provided "I give, devise and bequeath * * * absolutely" and did not specify any powers or put limitations on fee, court held that will conveyed a fee simple absolute and subsequent devise of remainder was invalid).

{¶27} Two rules emerge from these two lines of cases involving apparent fee simple provisions followed by remainder provisions. First, when a will contains "fee simple absolute" language, the court should respect the testator's manifest intent to convey a fee simple absolute. See *Widow's Home, Persinger,* and *Koval,* supra. In those instances, a subsequent gift of a remainder is invalid. Id. Second, where the testator does not use the "fee simple absolute" language, but uses words that standing alone indicate an intent to convey a fee simple absolute, the court should determine whether the testator manifested an intent to create a fee simple absolute by looking to the limitations or powers connected to the first devise. See *Johnson, Baxter, Gill, Stophlet,* and *Perdue,* supra. The first devise must contain some language indicating that a life estate or trust was intended; the mere existence of a remainder provision does not suffice to prove the testator's intent to devise less than the prima facie fee simple absolute. Id.

{¶28} Turning now to the language of the will before us in this case, Leland's will provided:

{¶29} "I give, devise and bequeath to my wife, Elosie Dunkel, all my property of which I may die seized, to be hers *absolutely and in fee simple,* subject only to the provision and condition that, if any of said property so devised and bequeathed to my said wife, remain, at the time of her death, unused and unexpended by her and identifiable as property passing and descending to her by this, my last will and testament, then and in such event, such unused and unexpended portion shall, at the death of my said wife, pass and descend under the provision of Item Fourth of this my last will and testament." (Emphasis added.)

{¶30} We note two important features of this provision. First, as in *Persinger, Koval,* and *Widow's Home,* supra, the will contains the "fee simple absolute" language. Thus, Leland's will manifests an intent to convey the estate to Eloise in fee simple. Second, the will does not contain any words specifying Eloise's powers, such as the power to "consume" or "sell," which would indicate an intent to convey less than a fee simple absolute. Thus, the only thing indicating that Leland intended to convey less than a fee simple absolute is the subsequent inconsistent provision. The two provisions are irreconcilable. Because, pursuant to R.C. 2107.51, a devise must convey all of the testator's estate unless the will clearly intends to convey a lesser estate, the fee simple absolute devise must prevail.

{¶31} Therefore, we overrule Dunkel's first two assignments of error and find that Leland's will conveyed a fee simple absolute to Eloise. Dunkel's remaining assignments of error have no application in the absence of a finding that Dunkel received an interest under Leland's will. Thus, they are moot and we decline to consider them pursuant to App.R. 12(A)(1)(c).

{¶32} Accordingly, we affirm the judgment of the trial court.

Judgment affirmed.

PETER B. ABELE, P.J., and EVANS, J., concur.