DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Dan Kryszan has appealed from the judgment of the Summit County Court of Common Pleas, Probate Division, which entered summary judgment in favor of Defendant-Appellees, the Estate of John B. Peterson, George M. Peterson, and Steve Humel. This Court affirms.
 I {¶ 2} The decedent, John B. Peterson, passed away in April 2004. The decedent's property was to be distributed pursuant to the terms of a trust agreement. On August 17, 2004, Appellant filed a motion for declaratory relief with the Probate Court, seeking an interpretation of the provisions of the trust. Appellant asserted that he was given a fee simple interest in the decedent's real property. Appellees responded, asserting that George Peterson was given a fee simple interest in the property and that Steve Humel was granted a life estate in the property.
 {¶ 3} The parties filed opposing motions for summary judgment, each asserting that his or their interpretation was proper. The trial court found Appellee's argument persuasive and determined that the trust granted George Peterson a fee simple in the real property. Appellant has timely appealed the trial court's judgment, raising one assignment of error for review.
 II Assignment of Error
"THE TRIAL COURT ERRED WHEN IT FOUND THAT ARTICLE II OF THE JOHN B. PETERSON TRUST GAVE THE REAL PROPERTY TO GEORGE M. PETERSON IN FEE SIMPLE ABSOLUTE WHEN ARTICLE II SPECIFICALLY PROVIDES UPON GEORGE M. PETERSON'S DEATH, THE PROPERTY SHALL BE DEEDED TO DAN KRYSZAN."
 {¶ 4} In his sole assignment of error, Appellant has alleged that the trial court erred in its interpretation of the trust. Specifically, Appellant has argued that the language of the decedent's trust evidences an intent to grant Appellee George Peterson only a life estate. This Court disagrees.
 {¶ 5} It is well settled that the interpretation of a testamentary trust is a question of law, and thus we apply a de novo standard of review. McCulloch v. Yost (1947),148 Ohio St. 675, 677; Robinson v. Beck, 9th Dist. No. 21094, 2003-Ohio-1286, at ¶ 25. In the construction of testamentary documents, Ohio courts consistently follow the general rules set forth in paragraphs one through four of the syllabus inTownsend's Executors v. Townsend (1874), 25 Ohio St. 477. Those guidelines are as follows:
"1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.
"2. Such intention must be ascertained from the words contained in the will.
"3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear[s] from the context that they were used by the testator in some secondary sense.
"4. All the parts of the will must be considered together, and effect, if possible, given to every word contained in it." Id.
 {¶ 6} Appellant has asserted that the terms of the trust evidence an intent to convey only a life estate to George Peterson. Specifically, the parties dispute the impact of the following trust provision.
"The real property located at 2500 Old Mill Road, Hudson, Ohio 44236, and its contents not specifically given to others, is given to GEORGE M. PETERSON, providing he survives me. Upon the death of GEORGE M. PETERSON, the remaining contents — personal property — of the house is to be liquidated and assets given equally to: BETHANY COLLEGE, KENTUCKY WESLEYAN COLLEGE, and DAN KRYSZAN, provided he survives. Upon GEORGE M. PETERSON'S death, the real property shall be deeded to DAN KRYSZAN, provide he survives, with the agreement that it must be left intact[.]"
 {¶ 7} In cases regarding the apparent grant of a fee simple interest followed by a remainder provision, two rules have developed.
"First, when a will contains `fee simple absolute' language, the court should respect the testator's manifest intent to convey a fee simple absolute. In those instances, a subsequent gift of a remainder is invalid. Second, where the testator does not use the `fee simple absolute' language, but uses words that standing alone indicate an intent to convey a fee simple absolute, the court should determine whether the testator manifested an intent to create a fee simple absolute by looking to the limitations or powers connected to the first devise." (Internal citations omitted.) Dunkel v. Hilyard (2001), 146 Ohio App.3d 414, 421.
It is undisputed by the parties that the trust document did not contain "fee simple absolute" language. It is further undisputed by the parties that the first sentence of the decedent's trust provision above contains language that, standing alone, grants George Peterson a fee simple in the property. Appellant, however, has asserted that the remaining restrictions on the property indicate the testator's intent that George Peterson only receive a life estate. We disagree.
 {¶ 8} When confronted with a provision that appears to grant a fee simple interest followed by a remainder provision,
"[t]he first devise must contain some language indicating that a life estate or trust was intended; the mere existence of a remainder provision does not suffice to prove the testator's intent to devise less than the prima facie fee simple absolute." Id.
The devise in the trust agreement contains no restrictions on George M. Peterson's use of the property and uses no language to demonstrate that a life estate was intended. Our sister district in Hilyard aptly summarized examples of such limitations.
"When a testator makes a devise, then further grants the devisee various powers, such as the power to `use,' `possess,' `sell,' or `consume,' Ohio courts have determined that the testator intended to limit the first devise. See Johnson v.Johnson (1894), 51 Ohio St. 446, (will devising all property to wife `with full power to bargain, sell, convey, exchange or dispose of the same,' which then provided for property unconsumed upon wife's decease to go to another, held to create only a life estate in wife); Baxter v. Bowyer (1869), 19 Ohio St. 490 (will that devised all property to wife, then expressly granted wife power to collect debts, pay bills, and possess and sell property, and then devised property remaining at wife's death to another, held to create only a life estate in wife). See, also, In reDonner (May 24, 1988), 4th Dist. No. 1691 (Stephenson, J., dissenting, citing Johnson for the proposition that the express addition of powers to words that would otherwise convey a fee simple, when taken in connection with a subsequent devise of a remainder, indicates an intent to give only a life estate)." Id. at 420.
The trust agreement at issue contains no additional language discussing the powers granted to George M. Peterson. Rather, it uses language which "standing alone indicate[s] an intent to convey fee simple absolute." Id. at 421. Accordingly, Appellant's reliance solely upon the remainder provision is insufficient to prove that the decedent intended to convey only a life estate. Id.
 {¶ 9} Additionally, the remaining provisions of the decedent's will serve to defeat Appellant's argument. In the trust provision which follows the above devise, the decedent states as follows:
"[STEVE HUMEL] also is granted lifetime rights to reside at 2500 Old Mill Road, Hudson, Ohio."
Such a provision demonstrates that the decedent was aware of the terminology necessary to grant a life estate. The decedent, however, chose not to employ such language when he devised the property to George Peterson.
 {¶ 10} Appellant's reliance on the remaining language in the trust is not compelling. Appellant has asserted that the devise to George Peterson uses the term "given" while the devise to Appellant uses the term "deeded." Appellant has argued that "deeded" is a stronger word. Appellant has supplied no authority for such a statement and this Court has found no authority that would suggest that "given" and "deeded" differ in strength or connotation. Accordingly, Appellant's reliance on such a distinction lacks merit.
 {¶ 11} The trial court properly concluded that the decedent's trust granted George Peterson a fee simple interest in the real property. Appellant's sole assignment of error, therefore, lacks merit.
 III {¶ 12} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Moore, J. concur.