[Cite as *Woolley v. Woolley*, 190 Ohio App.3d 18, 2010-Ohio-4177.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

WOOLLEY,

    APPELLANT,

  v.

WOOLLEY,

    APPELLEE, et al.

CASE NO. 17-10-07

**O P I N I O N**

Appeal from Shelby County Common Pleas Court
Trial Court No. 08CV000521

**Judgment Affirmed**

**Date of Decision: September 7, 2010**

**APPEARANCES:**

    Breann M. Zickafoos, for appellant.

    Stanley R. Evans, for appellee.

    **SHAW, Judge.**

    **{¶1}** Appellant, Steven Woolley, appeals the February 24, 2010 judgment of the Shelby County Court of Common Pleas finding that appellee, Scott

Woolley, was granted a devise of a fee simple subject to a condition subsequent in a certain parcel of real estate.

{¶2} The parties stipulated to the following facts. Alfred B. Woolley (also known as "Sam") owned real estate located at 105 East Russell Road in Sidney, Ohio. Alfred had two sons, Wayne Woolley and appellant, Steven Woolley. Appellee, Scott Woolley, is Wayne's son. Scott is also Alfred's grandson and Steven's nephew.

{¶3} Alfred died on September 15, 1998. Alfred's last will and testament specified the following transfers of real and personal property:

Item VI

I give and bequeath all of my interests including my common shares in Sam's Skating Club, Inc. to my Grandson, SCOTT WOOLLEY, absolutely.

I give, devise and bequeath the real property and improvements thereon located at 105 East Russell Road, Sidney, Ohio which is occupied by Sam's Skating Club, Inc. to my Grandson, SCOTT WOOLLEY, absolutely and in fee simple on the condition that he pays to my sons, WAYNE WOOLLEY and STEVEN WOOLLEY, Two Thousand Dollars ($2,000) per month ($1,000 to each) for twenty (20) years without interest. (Interest discounted if prepaid). For valuations purposes, the payments shall be discounted by an amount equal to the Applicable Federal Rate in effect as of the date of my death.

Item VII

All the rest, residue and remainder of my property real, personal and mixed, I give, devise, and bequeath to my sons,

WAYNE WOOLLEY and STEVEN WOOLLEY in equal shares absolutely and in fee simple.

**{¶4}** After Alfred's death, the property located at 105 East Russell Road was transferred to Scott. The certificate of transfer reflecting the transfer of the property from Alfred's estate to Scott contained verbatim the same conditional language stated in Alfred's will. Specifically, the certificate of transfer stated:

> The devise of decedent's fee simple interest is subject to the terms and conditions contained in Item VI of the Last Will and Testament of Alfred B. Woolley, deceased, Shelby County Probate Court, case number 1988-EST-224, which states in relevant part:

> "I give, devise and bequeath the real property and improvements thereon located at 105 East Russell Road, Sidney, Ohio which is occupied by Sam's Skating Club, Inc. to my Grandson, SCOTT WOOLLEY, absolutely and in fee simple on the condition that he pays to my sons, WAYNE WOOLLEY and STEVEN WOOLLEY, Two Thousand Dollars ($2,000) per month ($1,000 to each) for twenty (20) years without interest. (Interest discounted if prepaid). For valuations purposes, the payments shall be discounted by an amount equal to the Applicable Federal Rate in effect as of the date of my death."

**{¶5}** On January 31, 2000, Scott transferred his interest in 105 East Russell Road to his wife, Becca Woolley, via a quitclaim deed. The deed stated, "This conveyance is subject to the terms and conditions contained in Item VI of the Last Will and Testament of Alfred B. Woolley * * * as set forth in that certain Certificate of Transfer No. 2 filed in the office of the Shelby County Recorder on the 7th day of October, 1999."

{¶6}  For 103 months, Scott paid $1,000 to Steven pursuant to Item VI of Alfred's will.  In April 2008, Scott ceased to make any further payments to Steven.  On December 29, 2008, Steven filed a complaint against Scott, Becca, and Wayne as defendants.  The complaint alleged that Scott had failed to satisfy the "condition of transfer" stated in Item VI of Alfred's will, the certificate of transfer, and the quitclaim deed, because Scott stopped making the $1,000 monthly payments to Steven in April 2008.

{¶7}  The complaint sought the following remedies for Scott's breach of the condition.  First, the complaint requested that the court declare that due to Scott's failure to satisfy the condition, title to the real estate vested absolutely in Wayne and Steven as the beneficiaries under the residuary clause.  Second, the complaint requested declaratory relief stating that the transfers of the real estate to Scott and Becca, via the certificate of transfer and quitclaim deed, now failed because Scott did not satisfy the condition.  Third, Steven also requested that Scott and Becca be held personally liable for the remaining $137,000 that Steven alleged was owed to him under Item VI of Alfred's will.

{¶8}  On March 9, 2009, Scott and Becca filed their answers to Steven's complaint.  Wayne failed to file an answer or to participate in the action in any way.  No evidentiary hearing was held.  Rather, upon stipulating to the relevant facts, the trial court requested the parties to submit their written arguments.

{¶9} In his brief to the trial court, Steven argued that the conditional language in Alfred's will granted a legacy[1] to both Steven and Wayne in the amount of $240,000 each—$1,000 per month for 20 years. According to Steven's argument, Alfred's will granted Scott a fee-simple interest in the real estate subject to the payment of Steven and Wayne's legacies. Steven now argued that as a holder of a legacy, he was entitled to enforce his right to receive the remaining payment of $137,000 from Scott and Becca personally. Specifically Steven requested that the court grant him the following: (1) a judgment finding that a lien exists on the property for the purpose of enforcement of his legacy rights, (2) a judgment of joint and several liability against Scott and Becca personally for damages in the amount of $137,000, and (3) a finding that Wayne Woolley waived his rights under the legacy.

{¶10} Notably, Steven's argument now exclusively focused on the third claim of relief stated in his complaint—holding Scott and Becca personally liable for the remaining $137,000 that Steven alleged remained due to him. Steven no longer appeared to argue that he and Wayne were entitled to the real estate as co-beneficiaries under the residuary clause in Alfred's will and for the court to declare Scott and Becca's interests in the premises void, despite the statements in

---

[1] A legacy is simply a gift by will, especially of personal property and often money. Black's Law Dictionary 974 (9th Ed.2009).

his first and second claims for relief in his complaint, in which he requested the court to grant these remedies.

{¶11} On the contrary, Scott and Becca argued that the language contained in Alfred's will granted Scott a fee simple subject to a condition subsequent. Specifically, Scott argued that his interest in the land was conditioned on his making the $1,000 monthly payment to Steven and Wayne for 20 years. Scott maintained that upon his failure to meet this condition, Steven's exclusive remedy was to exercise his "right of re-entry" to effectuate the reversion of the property back to Alfred's estate, giving Steven and Wayne absolute title to the property as co-beneficiaries of the will's residuary clause. Thus, Scott contended that there was no provision in Alfred's will that granted Steven a legacy holding Scott and Becca personally liable for payment due to Scott's breach of the condition.

{¶12} On January 29, 2010, the trial court issued its decision, which was subsequently journalized in its February 24, 2010 judgment entry. The trial court found that the language contained in Item VI of Alfred's will granted Scott a fee simple subject to condition subsequent. Accordingly, the court ruled that Scott and Becca incurred no personal liability upon Scott's failure to make the $1,000 monthly payments to Steven. Rather, the court found the following:

> A review of the language of the Will of Testator as repeated in the Certificate of Transfer of October 1999, suggests that the intent of the Testator was to convey the property to Scott if he paid the monthly installments. Since Scott has failed to make the

payments, the proper remedy is to void the conveyance and return the real property to the estate of the testator.

{¶13} The court then ordered Alfred's estate to be reopened to allow the property to be placed back into the estate. The court further ordered the property to be transferred from Alfred's estate to Wayne and Steven, in equal shares, as co-beneficiaries under the residuary clause stated in Item VII of Alfred's will.

{¶14} Steven filed this appeal, asserting the following assignments of error.[2]

Assignment of Error No. I

The trial court erred as a matter of law by holding that the testator granted to Scott Woolley a fee simple subject to a condition subsequent instead of a legacy.

Assignment of Error No. II

The trial court erred as a matter of law by holding that Scott Woolley is not personally liable for the non-payment of the accepted devise.

Assignment of Error No. III

The trial court erred as a matter of law by holding that Steven Woolley's only recourse against Scott Woolley for the failure to comply with the provisions of the devise is to take ownership of the property.

{¶15} Initially, we note that Steven's assignments of error are interrelated because they are dependent on our review of the trial court's conclusion that

---

[2] Because Steven appeals the judgment of the trial court only as it relates to Scott, we will not discuss the trial court's ruling regarding Becca on appeal.

Alfred's will granted Scott a devise of the property in fee simple subject to a condition subsequent. Therefore, we elect to discuss Steven's assignments of error together.

{¶16} In making its final determination in this case, the trial court noted that Alfred's will failed to provide any guidance in the event that Scott did not satisfy the condition stated in Item VI of the will. Specifically, the trial court noted that Alfred's will contained no provision for re-entry, which is typically included in a grant of a fee simple subject to a condition subsequent and specifies that the grantor retains a right of re-entry upon the failure of the stated condition. However, Alfred's will also does not provide for the acceleration of the full $240,000 payment upon Scott's failure to satisfy the condition, as Steven now argues that he is entitled to under Item VI of the will. Therefore, the trial court was required to construe Alfred's testamentary intent in drafting his will in order to resolve the issue at hand.

{¶17} An appellate court independently reviews the interpretation of a will under a de novo standard of review. *Dunkel v. Hilyard* (2001), 146 Ohio App.3d 414, 418, 766 N.E.2d 603, citing *McCulloch v. Yost* (1947), 148 Ohio St. 675, 677, 36 O.O. 274, 76 N.E.2d 707. Upon our review, we are reminded that the most fundamental tenet for the construction of a will requires that the court ascertain and carry out, within the bounds of the law, the intent of the testator. *Domo v.*

*McCarthy* (1993), 66 Ohio St.3d 312, 314, 612 N.E.2d 706. That intention must be determined from the words contained in the will. *Oliver v. Bank One, Dayton, N.A.* (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55. "These words, 'if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear[s] from the context that they were used by the testator in some secondary sense.' " *Polen v. Baker* (2001), 92 Ohio St.3d 563, 565, 752 N.E.2d 258, quoting *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, paragraph three of the syllabus.

{¶18} Because Alfred's will omits any provision discussing the occurrence of Scott's failure to satisfy the condition, we must glean Alfred's intent in addressing this situation from the four corners of his will. At the core of the parties' dispute is the characterization of the devises that Alfred intended to give his beneficiaries — specifically, whether Alfred intended to grant Scott a fee simple subject to a condition subsequent in the 105 East Russell Road property or whether Alfred intended to grant Steven a legacy—i.e., an unconditional and outright gift of $240,000 to be paid by Scott in $1,000 monthly installments over a period of 20 years.

{¶19} In reviewing the provisions in Alfred's will, we find no indication that Alfred intended to give Steven a gift in the definite sum of $240,000. Moreover, as noted by the trial court, there is no provision in Alfred's will that

holds Scott personally responsible for the entire $240,000 payment to Steven upon Scott's failure to satisfy the condition.[3] Rather, the language of the devise to Scott focuses on Scott's conditional ownership and possession of the property. As stated above, the pertinent language in Alfred's will provides:

> I give, devise and bequeath the real property and improvements thereon located at 105 East Russell Road, Sidney, Ohio which is occupied by Sam's Skating Club, Inc. to my Grandson, SCOTT WOOLLEY, absolutely and in fee simple *on the condition that* he pays to my sons, WAYNE WOOLLEY and STEVEN WOOLLEY, Two Thousand Dollars ($2,000) per month ($1,000 to each) for twenty (20) years without interest.

(Emphasis added.)

{¶20} We believe that the trial court correctly surmised that this language indicated that it was Alfred's intention to grant Scott a fee-simple interest in 105 East Russell Road contingent upon Scott making the $1,000 monthly payments to Steven over a 20-year period. Therefore, similar to a land-installment contract, Alfred's will gave Scott the right to possess the property in exchange for Scott's paying $1,000 monthly installments to Steven and Wayne for a period of 20 years. Upon Scott's completion of making these payments for the 20-year period, he would then own the real estate absolutely in fee simple.

---

[3] Since, by the terms of the will, Scott was entitled to a discount if he paid in advance, were Steven to be correct in his argument that Alfred intended to grant him a legacy, he would be entitled to only a discounted judgment, and not the full $137,000.

{¶21} Based on the foregoing, we find that characterizing Alfred's devise to Scott as a fee simple subject to a condition subsequent is more consistent with Alfred's testamentary intent than finding that Alfred granted Steven a $240,000 legacy to be paid by Scott. Therefore, we conclude that it was Alfred's intention that in the event that Scott failed to satisfy the condition of transfer stated in Item VI of Alfred's will, Scott's interest in the land would cease, and the right to possess and own the property would pass to Wayne and Scott as co-beneficiaries under the residuary clause in Alfred's will.

{¶22} Accordingly, it is our conclusion that the trial court correctly found that Alfred intended to grant Scott a fee simple subject to a condition subsequent when it interpreted Item VI in Alfred's will. Thus, we find no error in the trial court's decision on this matter, and Steven's first assignment of error is overruled. Furthermore, because Steven's remaining two assignments of error hinge on our finding error in the trial court's ruling as to his first assignment of error, and because we have found no such error in the trial court's ruling, Steven's second and third assignments of error are hereby overruled. Additionally, for the reasons stated in the foregoing opinion, the motion to dismiss the appeal for lack of standing is denied via a separate judgment entry of this court.

{¶23} For all these reasons, the judgment of the Shelby County Court of Common Pleas is affirmed.

Judgment affirmed.

WILLAMOWSKI, P.J., and PRESTON, J., concur.

_____